# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BROADDUS,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>TRANS UNION LLC; EQUIFAX INFORMATION SERVICES, LLC; AND EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>　　　　　　　　　　Defendants. | Case No.: 23-cv-1867-DMS-DEB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

Pending before the Court is Defendants Trans Union LLC ("Trans Union") and Experian Information Solutions, Inc.'s ("Experian") joint motion to dismiss Plaintiff's Second Amended Complaint. (Defendants' Motion to Dismiss, ("Defs.' Mot."), ECF No. 25.) Plaintiff, proceeding *pro se,* did not file a response in opposition.[1] Instead, Plaintiff filed a Third Amended Complaint, (ECF No. 26), and a Fourth Amended Complaint

---

[1] Civil Local Rule 7.1(f)(3)(c) states that if an opposing party fails to file a response in opposition to a motion, that failure may constitute consent to the granting of a motion. A district court may grant an unopposed motion pursuant to a local rule which permits as much. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). The Court declines to grant Defendants' motion on procedural grounds and addresses the motion under Rule 12(b)(6).

without leave from the Court (Plaintiff's Fourth Amended Complaint, ECF No. 28.) At Defendants' request and for efficiency purposes, the Court accepts Plaintiff's Third and Fourth Amended Complaints as filed and construes Defendants' motion to dismiss as directed towards the Fourth Amended Complaint. (ECF No. 29.) For the following reasons, Defendants' motion to dismiss is granted.

## I. BACKGROUND

On August 11, 2023, Plaintiff sued Defendants Experian, Trans Union, and Equifax in San Diego County Superior Court. On October 12, 2023, Defendants removed the case to federal court. Plaintiff alleges Defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, by improperly reporting accounts and bankruptcies on his credit report that were the result of identity theft committed by his ex-wife. Plaintiff contends this inaccurate reporting significantly damaged his credit score and seeks $5 million in "consequential" damages. (First Amended Complaint at 8, ECF No. 17.)

On June 26, 2024, the Court granted Defendants' motion to dismiss Plaintiff's First Amended Complaint with leave to amend for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). That same day, Plaintiff filed a Second Amended Complaint, (ECF No. 24.) alleging violation of 15 U.S.C. § 1681c-2. On July 10, 2024, Defendants filed a joint motion to dismiss Plaintiff's Second Amended Complaint. (ECF No. 25.) As noted, Plaintiff thereafter filed a Third Amended Complaint and a Fourth Amended Complaint (mistakenly titled "Fifth Amended Complaint") without leave of Court. The Court now addresses Defendants' motion to dismiss as against Plaintiff's Fourth Amended Complaint.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true,

to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If Plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible," the complaint "must be dismissed." *Id.* at 570.

In reviewing the plausibility of a complaint on a motion to dismiss, a court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But courts are not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

When a court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. Leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), and "this policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment," *Intri-Plex Techs. v. Crest Grp., Inc.*, 499 F.3d 1048, 1056 (9th Cir. 2007), or "if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). "A district court's discretion to deny leave to amend is 'particularly broad' where the plaintiff has previously amended." *Salameh v. Tarsadia Hotel*, 726 F. 3d 1124, 1133 (9th Cir. 2013).

/ / /

/ / /

### III.   DISCUSSION
#### A. Fair Credit Reporting Act Claims

Plaintiff's Fourth Amended Complaint alleges violations under the FCRA. Plaintiff alleges Defendant Trans Union "willfully or negligently failed to comply with its responsibilities under the FCRA found at 15 U.S.C. § 1681s-2(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information in plaintiffs' credit reports, and failed to comply with its reinvestigation responsibilities found at 15 U.S.C. § 1681i." (FAC at 4-5.)  The Fourth Amended Complaint alleges violations of 15 U.S.C. § 1681i against all Defendants, violation of § 1681s-2(b) against Defendant Trans Union, and violation of § 1681(e)(b) against Defendant Experian.

The Court notes that § 1681i pertains to proper procedures for reinvestigation efforts, which is not at issue here.  Plaintiff alleges Defendants failed to engage in an initial investigation, thus Plaintiff fails to state a claim under §1681i.  Additionally, § 1681s-2 applies to "furnishers of information to consumer reporting agencies" not consumer reporting agencies themselves.  Because Plaintiff is suing Defendant Trans Union as a consumer reporting agency ("CRA"), Plaintiff fails to allege a proper cause of action under § 1681s-2(b).  However, construing Plaintiff's complaint liberally as the Court is required to do, the Court again finds Plaintiff intends to plead a claim under 15 U.S.C. § 1681c-2 and § 1681(e) against Defendants.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed.'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  As the Court held in its prior order, 15 U.S.C. § 1681c-2 requires that a CRA block the reporting of information in a consumer's file that the consumer identifies as resulting from identity theft "after … receipt" from the consumer of: (1) appropriate proof the consumer's identity, (2) a copy of the identity theft report, (3) the identification of the offending information by the consumer, and (4) a statement by the consumer that the reported information is not theirs.  And 15 U.S.C. § 1681(e) requires CRAs that prepare

consumer reports to "follow reasonable procedures to assure maximum possible accuracy of the information" before reporting such information.

To bring a claim under 15 U.S.C. § 1681c-2, Plaintiff must first allege that he satisfied the four statutory requirements enumerated above to trigger Defendants' duty to block inaccurate information.  In an attempt to satisfy these requirements, Plaintiff attached four exhibits labeled as the four statutory requirements.  First, Plaintiff attached copies of his birth certificate, social security card, and driver's license as appropriate proof of identity.[2] (FAC at 8-11.)  Second, Plaintiff attached a copy of the police report he filed with the San Diego Police Department as a copy of an identity theft report.  (*Id.* at 12-16.)  Third, Plaintiff filed a copy of his credit report.  (*Id.* at 18-36.)  Fourth, Plaintiff filed a letter to an unknown recipient stating that his credit report is inaccurate as a result of identity theft committed by his ex-wife.  (*Id.* at 37.)  Defendants argue that even if the Court finds that Plaintiff has provided the necessary information to satisfy the four statutory requirements, § 1681c-2 requires Plaintiff to properly allege that he sent these materials to Defendants.  The Court agrees.  Section 1681c-2(a) requires a CRA to block inaccurate information only after "receipt by such agency" of such information.  Plaintiff again fails to allege that he sent this information to Defendants, detailed the specific inaccurate information to be blocked, and requested Defendants to block such information.  Accordingly, Plaintiff has failed to state a claim under the FCRA § 1681c-2(a).

To bring a claim under § 1681(e)(b), Plaintiff must make a prima facie showing that a CRA reported inaccurate information.  *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018).  To make a prima facie showing under § 1681(e)(b), "a consumer must present evidence tending to show that a CRA prepared a report containing inaccurate

---

[2] Although Plaintiff did not request the documents be sealed, the Court finds compelling reasons to sua sponte seal Plaintiff's complaint as it contains Plaintiff's private information and is otherwise available on the public docket and could compromise Plaintiff's personal security. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that a district court's decision to seal a judicial record must be based on a compelling reason supported by specific factual findings) (citations omitted).

information." *Id.* (quoting *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995)). Plaintiff's Fourth Amended Complaint alleges in conclusory terms that Defendants "willfully or negligently failed to comply with its responsibilities under § 1681(e)(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information in plaintiff['s] credit report." (*Id.* at 4.) Again, Plaintiff fails to allege sufficient facts that show Defendants prepared a report containing inaccurate information. In the factual section of the complaint, Plaintiff alleges that he "dispute[s] the false derogatory or result of identity theft, information pertaining to five (5) bankruptcies and fraudulently accessed credit card." (FAC at 2.) However, those allegations are conclusory and need not be accepted as true. *See McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 210 (9th Cir. 1988) ("[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.") Because the Fourth Amended Complaint fails to allege sufficient facts to support the allegation that Defendants reported inaccurate information, the Court need not address the reasonableness of Defendants investigations and procedures. *See Doster v. Experian Info. Sols., Inc.*, No. 16-CV-04629-LHK, 2017 WL 264401, at *3 (N.D. Cal. Jan. 20, 2017) ("Thus, even if a ... CRA fails to conduct a reasonable investigation or otherwise fails to fulfill its obligations under the FCRA, if a plaintiff cannot establish that a credit report contained an actual inaccuracy, then the plaintiff's claims fail as a matter of law.") Accordingly, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's claim under § 1681(e)(b).

### B. Leave to Amend

"A district court may deny a plaintiff leave to amend if it determines that…the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC*, 623 F.3d at 1003. In its prior order, the Court provided Plaintiff leave to amend his complaint to cure the deficiencies in his First Amended Complaint. Plaintiff subsequently filed three additional amended complaints without leave of Court. Notably, none of the amended complaints cure the deficiencies noted by the Court in its prior order. Plaintiff's amended complaints all fail to state a claim

under the FCRA because they fail to allege that Plaintiff properly notified Defendants of the allegedly inaccurate information in accordance with the FCRA's requirements. "[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad." *Zucco Partners, LLC v. Digimarc Corp.,* 552 F.3d 981, 1007 (9th Cir. 2009). Accordingly, the Court **DISMISSES** Plaintiff's Fourth Amended Complaint without leave to amend.

## IV.   CONCLUSION AND ORDER

Based on the foregoing, the Court **GRANTS** Defendants' motion to dismiss. Plaintiff's claims are dismissed without leave to amend.

**IT IS SO ORDERED.**

Dated: August 21, 2024

Hon. Dana M. Sabraw, Chief Judge
United States District Court